UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DARRYL LLOYD WHITE, | ) | |
| Plaintiff, | ) | 2:08-cv-0388-RLH-LRL |
| vs. | ) | |
| | ) | **ORDER** |
| JIM GIBBONS, *et al.*, | ) | |
| Defendants. | ) | |

Before the Court are defendants' petition of removal (docket #1), plaintiff's pro se civil rights complaint (docket #1, Exhibit A), defendants' statement of removal (docket #3), defendants' removal status report (docket #7), and defendants' motion for clarification (docket #9).

**I.     Removal of this Action was Proper**

Plaintiff, an inmate at High Desert State Prison, filed a pro se civil rights complaint on February 5, 2008, in the District Court for Clark County. Defendants Skolnik, Cox, McDaniel, Neven, and Baca received a copy of the complaint and summons on February 26, 2008. Defendants Gibbons, Cortez Masto and Miller have not been served. Defendants filed a petition for removal in this Court on March 26, 2008 (docket #1). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has alleged a violation of his rights under the U.S. Constitution. Defendants appropriately

removed the action to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction over the claims raised in the complaint.

## II.     Screening of the Complaint

The complaint must be screened pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the

complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

### A. Plaintiff's Allegations

Plaintiff names the following individuals as defendants to this action: Jim Gibbons, Governor of the State of Nevada; Catherine Cortez Masto, Nevada Attorney General; Ross Miller, Nevada Secretary of State; Howard Skolnik, Director of the Nevada Department of Corrections; James Cox, Assistant Direct of Operations of NDOC; E.K. McDaniel, Warden of Ely State Prison; Dwight Neven, Warden of HDSP; and Isidro Baca, Associate Warden for Operations as HDSP.

Plaintiff alleges that defendant Baca issued a memorandum instituting a ban of typewriters as HDSP after defendant Cox determined that all prisons should ban inmate typewriters. Plaintiff contends that the sole purpose of banning inmate typewriters is to retaliate against him for filing law suits challenging deprivations of his constitutional rights. Plaintiff states that the defendants are acting wantonly, as there are more reasonable and viable alternatives to the typewriter ban, such as having correctional officers at HDSP perform their daily cell inspections and appliance checks are they are required. Plaintiff also states that there have only been incidents at ESP, which is a maximum security prison, and there have been no similar incidents at a medium or minimum security prison. Plaintiff alleges that he has suffered unjustifiable physical, psychological, and emotional duress due to the typewriter ban.

### B. Failure to Link Named Defendants to Constitutional Violation

Section 1983 requires there to be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has failed to link defendants Gibbons, Cortez Masto, and Miller with some affirmative act or omission violative of his constitutional rights.  Plaintiff's complaint contains no mention or discussion of these defendants.  This is insufficient to state a claim, because plaintiff has not linked these individual defendants with acts of conspiracy, retaliation or deprivation of property.

Furthermore, plaintiff also has failed to link defendant E.K. McDaniel to any act or omission that has violated his constitutional rights.  E.K. McDaniel is the Warden of ESP.  Plaintiff is not an inmate at ESP, and defendant McDaniel has not acted in any way to affect plaintiff's rights as HDSP.

**C.  Conspiracy**

To prove conspiracy between the named prison officials under § 1983, an agreement or meeting of minds to violate the plaintiff's constitutional rights must be shown. *Woodrum v. Woodward County, Okl.,* 866 F.2d 1121, 1126 (9th Cir.1989) (citing *Fonda v. Gray,* 707 F.2d 435 (9th Cir.1983)). "To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citations omitted).  Plaintiff makes only bald allegations of conspiracy without providing any facts to show how the named defendants came to agree to institute a policy to deprive him of his typewriter.  Plaintiff provides no statements alleged to have occurred among the defendants or any other circumstances from which he might have derived his theory.  In fact, in contradiction of the allegations of conspiracy, plaintiff states that the policy of banning inmate typewriters was put in place after an incident that occurred at ESP, and the officials stated that it is for safety and security concerns.  Plaintiff cannot allege facts to support his conspiracy claim, therefore this claim will be dismissed.

/ / / /

/ / / /

4

### D. Retaliation

Plaintiff alleges that the defendants have banned inmate typewrites as retaliation for his filing of lawsuits against the defendants for depriving him of his constitutional rights. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). Plaintiff must allege that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Plaintiff has stated sufficient facts to allow this claim to proceed, as he has alleged that the ban of typewriters is in retaliation against his right to petition the government, and that the inmate typewriter ban does not serve a legitimate penological interest, in that there are more reasonable and viable alternatives that would impose a de minimis burden.

### E. Deprivation of Property

Petitioner asserts that the defendants are knowingly, willfully, and intentionally depriving him of his right to personal property (his typewriter) under the false pretenses of security, when no legitimate penological purpose exists. An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff has alleged sufficient facts to allow his property deprivation claim to proceed.

**F.  Negligence and Misconduct Claims**

To the extent that petitioner has alleged that defendants have committed misconduct, misfeasance, malfeasance and negligence in their banning of inmate typewriters, petitioner has not stated a viable claim.  "Mere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983."  *Woodrum v. Woodward County, Okl.,* 866 F.2d 1121, 1126 (9th Cir.1989) (citing *Daniels v. Williams*, 474 U.S. 327, 330-32 (1986)).  However, the Supreme Court has not yet determined whether "something less than intentional conduct, such as recklessness or 'gross negligence,' is enough to trigger the protections of the Due Process Clause."  *Daniels*, 474 U.S. at 334 n. 3.  Plaintiff's claim that defendants wantonly or recklessly disregarded his property rights with full consciousness of their actions is sufficient to state a claim.

**III.   Conclusion**

**IT IS THEREFORE ORDERED** that defendant's Motion for Screening (Docket #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's allegations, with respect to defendants Gibbons, Cortez Masto, Miller, and McDaniel are **DISMISSED** for failure to state a viable claim.

**IT IS FURTHER ORDERED** that plaintiff's allegations of retaliation, deprivation of property, and wanton negligence state viable claims against defendants Skolnik, Cox, Neven, and Baca.

**IT IS FURTHER ORDERED** that plaintiff's claims of civil conspiracy, misconduct, misfeasance, malfeasance, and negligence are **DISMISSED** for failure to state a viable claim.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (attached at docket #1).

**IT IS FURTHER ORDERED** that this action may proceed on the remaining claims contained in the complaint.

/ / / /

**IT IS FURTHER ORDERED** that defendants' motion for clarification (docket #9) is **GRANTED**. Defendants shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of entry of this order.

DATED this ___23rd___ day of ___September___, 2008.

_____
CHIEF UNITED STATES DISTRICT JUDGE