UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DARRYL LLOYD WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-0388-RLH-LRL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JIM GIBBONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil rights action pursuant to 42 U.S.C. § 1983, filed by Darryl White, a prisoner at High Desert State Prison. Plaintiff filed a motion for reconsideration of this Court's order (docket #13) denying his motions for preliminary injunction (docket #23). Plaintiff also moves the Court to reconsider its screening order (docket #14) in which it dismissed some claims and defendants with prejudice (docket #24).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or

order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

The Court will deny plaintiff's first motion for reconsideration (docket #23). A preliminary injunction is an extraordinary remedy, and the right to relief must be both clear and unequivocal before a court will grant an injunction. *See Schrier v. University of CO,* 427 F.3d 1253, 1258 (10th Cir. 2005). A preliminary injunction will only be granted if the requesting party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in favor of the requesting party. *LGS Architects, Inc. v. Concordia Homes of Nevada,* 434 F.3d 1150, 1155 (9th Cir. 2006); *Sony Computer Entertainment Am., Inc. v. Bleem, LLC,* 214 F.3d 1022, 1025 (9th Cir. 2000). The two formulations represent a sliding scale where the

degree of irreparable harm required increases as the probability of success decreases. *LGS Architects*, 434 F.3d at 1155 (citations omitted). A movant with questionable claims does not meet the likelihood of success criterion. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 340 (1999).

Plaintiff has failed to demonstrate entitlement to relief from the Court's order denying the motions for preliminary injunction under either Rule 60(b) or 59(e) of the Federal Rules of Civil Procedure. Plaintiff has not shown a probability of success on the merits of this civil rights action. As this Court noted in its order, with respect to the allegations made, plaintiff has not demonstrated the possibility of irreparable harm. The United States Constitution does not mandate that correctional facilities make typewriters available to inmates. *See Lindquist v. Idaho State Board of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). Moreover, while an authorized, intentional deprivation of proper is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 531-32 (1984), plaintiff has not shown that he has state-created property or liberty interest. Even if such a property or liberty right existed, authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). In this case the Nevada Department of Corrections banned typewriters in response to an incident in which part of a typewriter was used by an inmate as a weapon. Thus, it appears that NDOC had a legitimate penological interest. This Court found, in *Nevada Department of Corrections v. Cohen*, 2008 WL 4539382, at *3 (D. Nev. 2008), that the NDOC's ban on typewriters did not violate due process, even if the ban constituted a deprivation of property.

With respect to plaintiff's retaliation claim, again plaintiff has not shown likely success on the merits. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). Plaintiff must allege that defendants acted to retaliate for his exercise of a protected activity, and

3

1  defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d
2  813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  Again, it appears that
3  NDOC has a legitimate penological interest in banning inmate typewriters. *See Nevada Department*
4  *of Corrections v. Cohen*, 2008 WL 4539382, at *6-7 (D. Nev. 2008).

5        The Court will also deny plaintiff's second motion for reconsideration (docket #24).
6  The Court, in screening the plaintiff's complaint, found that plaintiff's allegations of wanton
7  negligence, deprivation of property, and retaliation were sufficient to state a claim (docket #14).
8  However the Court determined that plaintiff's claims of civil conspiracy, misconduct, malfeasance,
9  and negligence did not state viable claims.  The Court also found that the allegations against certain
10 defendants did not state a claim.  The Court noted further amendment would be futile.  Plaintiff has
11 not made an adequate showing under either Rule 60(b) or 59(e) that this Court's order should be
12 reconsidered or reversed.

13       **IT IS THEREFORE ORDERED** that plaintiff's motions for reconsideration
14 (docket #23 and #24) are **DENIED**.

16
17       DATED this ___5th___ day of December, 2008.

19                                     CHIEF UNITED STATES DISTRICT JUDGE